IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH M. ESTRADA, *pro se*,

        Plaintiff,

v.                                          1:22-cv-00424 DHU/KRS

BERNALILLO COUNTY SHERIFF
MANUEL GONZALES, III,

        Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Defendant Bernalillo County Sheriff Manuel Gonzales's ("Defendant Gonzales's" or "Defendant's") Motion to Dismiss, (Doc. 3), filed June 8, 2022. Plaintiff Joseph Estrada ("Plaintiff") has not filed a response, and the time for doing so has passed,[1] which "constitutes consent to grant the motion." *See* D.N.M.LR-Civ. 7.1(b). Nevertheless, pursuant to an Order of Reference, the undersigned has reviewed the merits of Defendant's motion, the record in this case, and the relevant law. Having done so, the undersigned recommends Defendant's motion be **GRANTED IN PART.**

## BACKGROUND

On May 5, 2022, Plaintiff filed this action against Defendant Gonzales in state court. Doc. 1-1. On June 3, 2022, Defendant removed the action to this Court and, five days later, filed his Motion to Dismiss. Docs. 1; 3. In ruling on a motion to dismiss, the Court must accept as true all facts alleged in the complaint. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir.

---

[1]1 Under the District's Local Rules, a response must be filed within 14 days after service of a motion. D.N.M.LR-Civ. 7.4(a).

2009). It must also view factual allegations in the light most favorable to the plaintiff. *See id*. Viewing Plaintiff's Complaint in this manner, the relevant facts are as follows:[2]

Sometime around May 3, 2020, a U-Haul fleet manager asked Plaintiff to ascertain whether a tow dolly listed for sale on Facebook Marketplace had been stolen from U-Haul. Doc. 1-1 at 4. Plaintiff requested an appointment from Mr. Marzanares, the seller who had listed the dolly for sale. *Id*. Mr. Marzanares gave Plaintiff a location and time to arrive to look at the tow dolly. *Id*. Plaintiff and an unnamed companion arrived at 10304 Rempas Drive NW, Albuquerque, New Mexico on May 3, 2020, and made contact with Mr. Marzanares, who invited them into his front yard to see the tow dolly. *Id*. Upon inspection of the dolly, Plaintiff observed a U-Haul equipment number as well as placard indicating that the dolly was "U-Haul property not to be sold." *Id*. Plaintiff advised Mr. Marzanares that he would need to "notify the authorities," and Mr. Marzanares instructed Plaintiff and his companion to leave his property immediately. *Id*. Mrs. Marzanares also became involved and was, according to Plaintiff's description, "very belligerent" as Plaintiff and his companion were exiting the property. *Id*. Plaintiff did not make any threats to the Marzanareses or take any actions to recover the tow

---

[2] Technically, Plaintiff's factual allegations are contained in "Exhibit A," which he appended to his Complaint and describes as his "complete statement exactly as given to BCSO internal affairs." *See* Doc. 1-1 at 3-9. While ordinarily, a motion to dismiss must be converted to a motion for summary judgment when the court considers matters outside the complaint, *see* Fed. R. Civ. P. 12(d), there is a limited exception when documents "are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (citing *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997)). Here, there is little question that the factual allegations contained within Plaintiff's statement to BCSO internal affairs are central to his Complaint. Indeed, Plaintiff refers to the "BCSO Internal Affairs complaint" in his Complaint. *See* Doc. 1-1 at 2. Moreover, Defendant does not dispute the authenticity of the statement or suggest that the factual allegations therein should be disregarded on account of their being submitted as a "supplement" or "exhibit" to Plaintiff's signed Complaint. *See* Doc. 3. For purposes of Defendant's Motion to Dismiss, the Court will consider these factual allegations as if they were asserted within Plaintiff's Complaint.

dolly. *Id*. After leaving the property, Plaintiff and his companion went across the street and called the Bernalillo County Sheriff's Office ("BCSO"). *Id*.

BCSO Deputy Peter McCann ("Deputy McCann") arrived at 10304 Rempas Drive NW thereafter. *Id*. Plaintiff explained that "there was a possible stolen tow dolly" at the property, which U-Haul sought to have impounded. *Id*. Deputy McCann, however, threatened to charge Plaintiff. *Id*. at 4-5. Deputy McCann advised Plaintiff that the civil recovery process needed to be followed and questioned Plaintiff's "experience in recoveries in NM." *Id*. Plaintiff informed Deputy McCann that the stolen tow dolly was "not a civil matter" and that his purpose had only been "to visualize identification placards . . . and advise appropriate authorities." *Id*. at 5. Although Plaintiff represents that he is a licensed repossession agent, he insists that he was not acting in that capacity at the time he viewed the tow dolly in question. *Id*. ("[Deputy McCann's] mind set [sic] appeared that this was a repossession[,] which I made clear it was NOT.").

According to Plaintiff, Deputy McCann conducted a short, "minimal" investigation of how the Marzanareses came to possess the tow dolly. *Id*. During his brief investigation, Plaintiff maintains that Deputy McCann provided false information to the Marzanareses, "coach[ed]" them as they provided their statements, and demonstrated animosity toward repossession agents and recovery companies. *Id*. Plaintiff further asserts that Deputy McCann made false statements in his police report regarding the incident. *Id*. at 6. Deputy McCann ultimately charged Plaintiff with disorderly conduct and trespass. *Id*. at 7-8.

That evening, Plaintiff contacted BCSO's dispatch and "requested that the swing shift supervisor come to [his] home because of the actions of Deputy McCann." *Id*. at 9. When Sergeant Marujo arrived, Plaintiff advised him that he wanted to file a complaint against Deputy McCann due to his "intimidation of [him] as a witness, malicious prosecution, and abuse of his

power as a [sic] officer of the law." *Id*. Sergeant Marujo explained that Plaintiff could either file an "I.A. complaint" or "let him handle it." *Id*. Plaintiff opted to let Sergeant Marujo handle the matter. *Id*. Approximately a week later, Plaintiff spoke with a "day shift LT.," who informed him that BCSO was "giving [D]eputy McCann de-escalation remedial training." *Id*.

"Shortly after this incident" on May 3, 2020, Deputy McCann "allegedly contacted" the New Mexico Public Regulation Commission ("PRC"), filing a complaint against Plaintiff's repossession company and asserting that Plaintiff was violating recovery and repossession regulations. *Id*. at 3, 8, 9. Plaintiff alleges that Deputy McCann maliciously and unnecessarily advised the PRC of his prior criminal history, including a criminal conviction from 1998. *Id*.

With respect to his legal claims, Plaintiff alleges that Deputy McCann's actions violated various state laws, including "[T]ampering with public records[,] . . . Conspiracy[,] . . . Receiving or Transferring Stolen Property[,] . . . Bribery or Intimidation of a Witness[,] . . . Perjury[,] . . . Conspiracy[,] . . . Malicious Criminal Prosecution[,] . . . Barratry[,] . . . Libel and Defamation . . . ." for which he seeks monetary damages.[3] *Id*. at 4. In addition, Plaintiff alleges that "Deputy McCann committed Civil Rights Violations to [his] right of privacy, . . . Discrimination based on . . . background . . . . [and] Federal Criminal Charge Deprivation of Rights Under the Color of Law . . . ."[4] *Id*. Construed broadly, Plaintiff appears to assert state tort

---

[3] Plaintiff references criminal statutes, which he alleges Defendant Gonzales violated. *See* Doc. 1-1 at 1. Yet, he specifies in his Complaint that he seeks monetary damages in the amount of $195.00, plus interest and court costs. *See id*. As such, the Court surmises that Plaintiff is attempting to assert tort claims against Defendant Gonzales for actions taken in his official capacity with the Bernalillo County Sheriff's Office ("BCSO"). Although not all of the offenses identified by Plaintiff constitute recognized torts in New Mexico, some of them do, including libel, defamation, and malicious abuse of process. For purposes of Defendant's Motion to Dismiss, the Court will treat Plaintiff's laundry list of state offenses collectively, as torts asserted under the NMTCA.

[4] Although Plaintiff does not reference 42 U.S.C. § 1983, the Court construes his Complaint liberally, as it must, to include claims asserted under § 1983, given that Plaintiff alleges constitutional violations and violations of his civil rights.

claims pursuant to the New Mexico Tort Claims Act ("NMTCA") and federal constitutional claims pursuant to 42 U.S.C. § 1983. Although Plaintiff's factual allegations relate to the actions of Deputy McCann, he has not named Deputy McCann as a defendant in this case. *See id*. Instead, he has named only Defendant Gonzales. *See id*.

## **LEGAL STANDARD**

Defendant's Motion to Dismiss is grounded upon Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Doc. 3. Under Rule 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and the Court may not consider matters outside the pleadings. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). The Court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Okla. Dept. of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)).  To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Facial plausibility exists "when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

The Court liberally construes the factual allegations in reviewing a *pro se* complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, a *pro se* plaintiff's pleadings are judged by the same legal standards that apply to all litigants, and a *pro se* plaintiff must abide by the applicable rules of the Court. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th

Cir. 1994). The Court is not obligated to craft legal theories for the *pro se* plaintiff or to supply factual allegations to support his claims. *See Hall*, 935 F.2d at 1110.

Plaintiff failed to respond to Defendant's Motion to Dismiss. The Court may not "grant a 12(b)(6) dismissal based solely on the [*pro se*] plaintiff's failure to respond. Instead, it must still examine the allegations in the plaintiff's compliant and determine whether the plaintiff has stated a claim upon which relief can be granted." *Persik v. Manpower Inc.*, 85 F. App'x 127, 130 (10th Cir. 2003) (internal citations and quotations omitted).

## ANALYSIS

Defendant removed this case on June 3, 2022, and now asserts in his Motion to Dismiss that Plaintiff's state law claims are barred by the applicable statute of limitations. Moreover, Defendant contends that Plaintiff has not asserted factual allegations to support claims against him under either state law or under 42 U.S.C. § 1983. Defendant asks the Court to dismiss Plaintiff's state law claims with prejudice and his federal claims without prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, Defendant asserts that if the Court finds Plaintiff has pled § 1983 claims, he is entitled to qualified immunity.

### A.  State Law Claims

Plaintiff seeks monetary compensation from Defendant Gonzales for damages arising from an "event or transaction . . . [o]n May 3, 2020." Doc. 1-1 at 1. He alleges that he was "a victim of multiple crimes committed against [him] by Deputy McCann while on duty as a sworn officer under the BCSO command." *Id*. at 9. More specifically, Plaintiff alleges that during the May 3, 2020 incident, Deputy McCann was "deceitful in his actions and words"; "displayed discrimination and a vendetta which transformed into malicious prosecution"; "displayed libel and defamation"; "abused his badge of office and his authoritative powers for his own agenda";

"displayed . . . criminal behavior"; "violated the trust of the community in reporting crimes"; and "destroyed an investigation by falsifying paperwork and contriving a mask of criminal blame on [Plaintiff]." *Id*. at 7. Plaintiff asserts a laundry list of violations by Defendant, to include libel, barratry, conspiracy, bribery, malicious prosecution, perjury, and tampering with public records. *See* Doc. 1-1 at 1. Significantly, the NMTCA provides the exclusive remedy for torts committed by a public employee while acting within the scope of their duties. NMSA 1978, § 41-4-2(A) ("[I]t is . . . the public policy of New Mexico that governmental entities and public employees shall only be liable within the limitations of the Tort Claims Act and in accordance with the principles established in that act."). Defendant maintains, however, that Plaintiff's state law claims are barred by the NMTCA's statute of limitations. Doc. 3 at 5-7.

Pursuant to the NMTCA, an action against a public employee is forever barred if not commenced within two years after the loss or injury giving rise to the action. NMSA 1978, § 41-4-15(A). As the New Mexico Supreme Court has put it, the "Legislature . . . determined that it is appropriate to allow persons harmed by negligent acts of New Mexico public employees to recover, but only if they file suit within two (2) years." *Sam v. Sam*, 134 P.3d 761, 768 (N.M. 2006). The two-year statute of limitations begins to run once a plaintiff discovers his injury and the cause of that injury. *Maestas v. Zager*, 152 P.3d 141, 145 (N.M. 2007). If a plaintiff fails to satisfy the applicable statute of limitations, dismissal with prejudice is the appropriate remedy. *See, e.g.*, *Jaramillo v. New Mexico*, 809 P.2d 636, 641 (N.M. 1991); *Bernheisel v. CYFD*, No. 21-CV-00037 KG/SCY, 2022 WL 1262215, at *1 & n.1 (D.N.M. Apr. 28, 2022) (citing *Rodriguez v. Colorado*, 521 F. App'x 670, 671 (10th Cir. 2013); *King v. Lujan*, 646 P.2d 1243, 1245 (1982)).

Plaintiff's Complaint suggests that the incident giving rise to his claims occurred on May 3, 2020. *See* Docs. 1-1, at 1. Moreover, Plaintiff's factual allegations suggest that he was aware of his purported injuries from that incident, and the cause of those injuries, the day they occurred. *See id*. at 3-9. Indeed, Plaintiff alleges that on the evening of May 3, 2020, he contacted the BCSO in order to make a complaint about Deputy McCann's actions earlier that day. *Id*. at 9. When a BCSO Sergeant responded that same evening, Plaintiff alleges laid out the "key points of Deputy McCann's intimidation of [him] as a witness, malicious prosecution, and abuse of his power as a [sic] officer of the law." *Id*. In Plaintiff's words, he informed the BCSO Sergeant that "Deputy McCann violated [his] rights and harmed [him] emotionally with his threats and baseless charges." *Id*.

Given these allegations, the only reasonable inference the Court can draw is that Plaintiff was aware of the injuries he sustained as a result of Deputy McCann's allegedly improper investigation and allegedly malicious citations issued on May 3, 2020. Under the NMTCA, Plaintiff was required to assert his tort claims arising from these actions no later than May 3, 2022. *See* NMSA 1978, § 41-4-15(A). Yet, Plaintiff's Complaint was filed after that date, on May 5, 2022, and Plaintiff has not alleged any basis for tolling the applicable statute of limitations. Plaintiff's state law claims arising directly from the May 3, 2020 incident are therefore untimely. Consequently, the undersigned recommends that the Court dismiss these claims *with* prejudice.

In his Complaint, Plaintiff also mentions a seemingly discrete action by Deputy McCann, which purportedly took place sometime *after* the May 3, 2020 incident at 10304 Rempas Drive NW. Plaintiff alleges that "[s]hortly after [the May 3, 2020] incident," Deputy McCann filed a complaint with the PRC. *Id*. Plaintiff does not specify the date on which Deputy McCann made

this complaint. *See* Doc. 1-1. Nor does he identify any tort that Deputy McCann allegedly committed in contacting the PRC; he merely contends that Deputy McCann "went beyond his scope of authority." *Id*. Plaintiff's own factual allegations suggest that any legal claim arising from Deputy McCann's report to the PRC is speculative at best. *See, e.g.*, *id* at 7 ("Deputy McCann went beyond his scope of authority and *allegedly* contacted the PRC on my company") (emphasis added); 8 ("I was call[ed] by the PRC saying that I had a complaint filed against me for repossessing vehicles defying the Governor's health order. This directly points to Deputy McCann.").

Although any claim Plaintiff is attempting to assert concerning the PRC complaint is vague and speculative as presently asserted, Plaintiff *does* specify that the PRC contacted him "two days after [the May 3, 2020 incident]" to make him aware of the PRC complaint. *Id*. at 8. Critically, if Plaintiff only learned about the PRC complaint on May 5, 2020, he would have had until May 5, 2022, to file a tort claim under the NMTCA on the basis of that PRC complaint. *See* NMSA 1978, § 41-4-15(A). Plaintiff's Complaint was, in fact, filed on May 5, 2022. Thus, to the extent Plaintiff attempts to allege a state tort claim based upon the filing of the PRC complaint, the Court cannot recommend dismissal with prejudice on the basis of untimeliness for purposes of such a claim.

Nevertheless, even accepting Plaintiff's factual allegations as true and viewing his claims in a light most favorable to him, any cause of action related to the PRC complaint, as presently framed by Plaintiff, falls well short of stating a claim upon which relief can be granted. That is, Plaintiff's allegation is both factually and legally insufficient. Plaintiff fails to identify any involvement by the named defendant, Defendant Gonzales; he fails to describe with any specificity the contents or effect of the PRC complaint; and he likewise fails to articulate a

specific legal claim or theory. "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments" on his behalf. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Although the current Complaint fails to state a plausible claim for relief with respect to Deputy McCann's filing of a PRC complaint, Plaintiff may be able to state a tort claim under New Mexico law that is not time-barred. Given the possibility that Plaintiff may be attempting to assert a state tort claim based upon the filing of the PRC complaint, the undersigned recommends that the Court dismiss this claim *without* prejudice.[5] *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (explaining that dismissal of a *pro se* complaint with prejudice for failure to state a claim is only proper where it would be futile to give the plaintiff an opportunity to amend).

### B. Federal Claims

In addition to his state law claims, Plaintiff also alleges "Violation of [his] Right to Privacy 14th[] Amendment" and "Deprivation of Rights under color of law." *Id*. at 3. Section 1983 is the exclusive vehicle for vindication of substantive rights under the United States Constitution or federal law. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."); *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (same).  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights,

---

[5] "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp*., 434 F.3d 1213, 1219 (10th Cir. 2006). Because Plaintiff may be able to amend his Complaint to allege facts sufficient to support a claim premised upon the filing of a PRC complaint, this claim should be dismissed without prejudice with an opportunity to amend within 21 days of the Court's order of dismissal.

>privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . .

42 U.S.C. § 1983.

### i.    Individual Capacity Claims

To state an individual capacity claim on which relief can be granted under § 1983, a plaintiff must allege: "(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of [state law]." *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002) (quoting 1A MARTIN A. SCHWARTZ, SECTION 1983 LITIGATION: CLAIMS AND DEFENSES § 1.4, at 12 (3d ed. 1997)). Generally, individual liability under § 1983 must also be premised upon a defendant's personal involvement in the alleged violation. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). In some cases, though, a supervisor may be individually liable for a subordinate's constitutional violations. *Id*. To establish supervisory liability for a constitutional violation, a plaintiff must demonstrate "an affirmative link" between the violation and "either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Id*. (citing *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993)).

Critically, beyond naming Defendant Gonzales as a defendant in the caption of his Complaint, Plaintiff fails to set forth any factual allegations against him. *See* Doc. 1-1. He has not alleged, for instance, that Defendant Gonzales personally participated in the May 3, 2020 incident at 10304 Rempas Drive NW or in the filing of a complaint with the PRC. *See id*. Nor does Plaintiff assert any facts that would support supervisory liability, as there are no facts suggesting an "affirmative link" between some act of Defendant Gonzales and the alleged deprivation of federal rights. For these reasons, the undersigned recommends that the Court dismiss Plaintiff's federal claims against Defendant Gonzales in his individual capacity.

### ii.      Official Capacity Claims

Defendant Gonzales alleges that Plaintiff has likewise failed to state a claim against him in his official capacity. Official capacity suits are effectively suits against the entity for which a defendant is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). To establish liability on a *Monell* claim, a plaintiff must identify a municipal "policy" or "custom" that caused his constitutional injury and that was the "moving force" behind the constitutional deprivation. *See Monell*, 436 U.S. at 694. A plaintiff must, at minimum, "plead sufficient facts to identify the unconstitutional custom or policy that was promulgated and the means by which that custom or policy caused the constitutional violation." *Abila v. Funk*, No. CIV 14-1002 JB/SMV, 2016 WL 9021834, at *8 (D.N.M. Dec. 14, 2016) (quoting *Granato v. City and Cty. of Denver*, No. 11-cv-00304-MSK-BNB, 2011 WL 3820730, at *8 (D. Colo. Aug. 30, 2011)).

But, here, Plaintiff does not identify any policy or custom that was the moving force behind a purported constitutional violation. At most, he alleges that Deputy McCann violated BCSO's Standard Operating Policies and Procedures. Doc. 1-1 at 9. He indicates that he "unequivocally believe[s] Deputy McCann turned off his belt recorder prior to completing the call" despite the BCSO's "strict guidelines pertaining to belt recordings from start to finish on a call involving complaints without arrest." *Id*. Notably, though, Plaintiff does not allege that he had a constitutional right to have his encounters with law enforcement recorded on a belt tape. Because Plaintiff has not identified any policy or custom that was the moving force behind the deprivation of his constitutional rights, he has failed to state a valid official capacity claim against Defendant Gonzales or the BCSO.

In sum, Plaintiff having failed to allege any facts to support an individual or official capacity claim against the singular defendant, Defendant Gonzales, his federal claims pursuant to § 1983 should be dismissed. The undersigned therefore recommends that the Court grant Defendant's Motion to Dismiss Plaintiff's federal claims without prejudice.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court grant in part Defendant's Motion to Dismiss. As to Plaintiff's state law tort claims premised on Deputy McCann's actions on May 3, 2020, the Court recommends dismissal with prejudice. As to Plaintiff's other claims, to include a state tort claim premised on the filing of a PRC complaint and federal claims brought under 42 U.S.C. § 1983, the undersigned recommends dismissal without prejudice. With regard to the latter claims, for which the undersigned recommends dismissal without prejudice, the undersigned also recommends granting Plaintiff 21 days to file a motion to amend his Complaint.

**IT IS THEREFORE RECOMMENDED** that Defendant Gonzales's Motion to Dismiss (Doc. 3) be **GRANTED IN PART** and Plaintiff's state law claims premised on Deputy McCann's actions on May 3, 2020, be **DISMISSED WITH PREJUDICE** and his federal law claims, asserted pursuant to § 1983, be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMNEDED** that Plaintiff's claims premised on Deputy McCann's filing of a PRC complaint be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiff be permitted to amend his Complaint within 21 days of the Court's order of dismissal to include a claim upon which relief may be granted.

*/s/ Kevin Sweazea*

**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**

WITHIN FOURTEEN (14) DAYS AFTER A PARTY IS SERVED WITH A COPY OF THESE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, THAT PARTY MAY, PURSUANT TO 28 U.S.C. § 636(B)(1), FILE WRITTEN OBJECTIONS TO SUCH PROPOSED FINDINGS AND RECOMMENDED DISPOSITION.  A PARTY MUST FILE ANY OBJECTIONS WITH THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO WITHIN THE FOURTEEN (14) DAY PERIOD ALLOWED IF THAT PARTY WANTS TO HAVE APPELLATE REVIEW OF THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION.  IF NO OBJECTIONS ARE FILED, NO APPELLATE REVIEW WILL BE ALLOWED.  PURSUANT TO FED. R. CIV. P. 72(B)(2), A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE OBJECTIONS.